**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAWRENCE A. TAYLOR, | : |
|    Plaintiff | : |
|    v. | :   CIVIL ACTION NO. 3:16-2030 |
| DAVID EBBERT, et al., | :      (JUDGE MANNION) |
|    Defendants | : |

**MEMORANDUM**

Lawrence A. Taylor, an inmate currently confined at the United States Penitentiary at Canaan, Pennsylvania, filed this Bivens[1]-styled civil rights action pursuant to 28 U.S.C. §1331. The complaint alleges three separate incidents that occurred at Taylor's former place of confinement, the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, and names sixteen (16) defendants along with "10-20 Unnamed Corrections Officers and Staff." (Doc. 1.) Taylor has submitted a motion to proceed in forma pauperis in this matter and an Authorization form.[2] (Docs. 8, 9.) Obligatory preliminary screening reveals that the complaint contains deficiencies which preclude service in its present form. Consequently, Taylor will be granted in forma pauperis status, but he will be directed to file an

---

[1] See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] When Taylor first filed this action, he submitted a motion to proceed in forma pauperis and an Authorization form (Docs. 2, 3), but the in forma pauperis form was improper. As such, an Order was issued on October 12, 2016, directing Taylor to file the proper forms within thirty (30) days. (Doc. 6.)

amended pleading in this action on or before April 14, 2017. The failure to do so will result in the court ruling only on the first count of the original complaint and the defendants named in that count.

I.     **Screening of the Pro Se Complaint**

Federal Rule of Civil Procedure 20, addressing the matter of permissive joinder of parties states, in pertinent part, the following:

> (a)     Persons Who May Join or Be Joined.
>
> (2)     Defendants. Persons ... may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330,

2

1333 (8th Cir. 1974).

## II.   Discussion

As submitted, it is clear that Plaintiff's complaint is in clear violation of Rule 20. Plaintiff asserts three separate incidents occurring at USP-Lewisburg on three separate dates which only involve some of the same defendants. He attempts to tie the events together by claiming that they are related because all defendants in each incident were aware that he was to be separated from gang members, and were therefore deliberately indifferent to his safety in violation of the Eighth Amendment. The court rejects the complaint, as submitted, for the following reasons.

The first incident occurred on December 18, 2014. Taylor alleges that Defendants Good and Ritz placed him in a cell with inmate Milhouse after Taylor expressed his fear of being with Milhouse, and knowing that Milhouse was a member of gang that was sub-servant to a gang from which Taylor had a separation. (Doc. 1 at 3.) Out of fear for his own safety, Taylor states that he assaulted Milhouse. He claims that he made Defendants Nayda, Scott, Ebbert, Taggart, Heath, Napp, Goodrum, Marr and Chambers aware of the situation, but that he was denied grievances, and that the complaints and "cop outs" he submitted were ignored and/or denied.

Taylor next alleges that on May 20, 2015, over 5 months later, he was placed in a recreational cage on J-Block with a known gang member despite the existence of his separation by Defendant Earp and other "unknown correctional officers". He states that this resulted in a physical confrontation with the gang member that should have never happened. Following the incident, Taylor advised Defendant Wert what occurred, as well as Defendant

3

Heath when she interviewed him. A grievance with respect to the incident was filed but, according to Taylor, was falsely rejected on a technicality. Taylor does not provide the name of the individual that rejected his grievance and only refers to them as the "Administrative Remedy Coordinator". (Id. at 7.) He claims his constitutional rights were violated when he was again placed in danger on this occasion, and because his grievance was wrongly rejected. In addition to Defendants Earp, Wert, and Heath, Taylor also seeks to hold Defendant Ebbert responsible for failing to have control over his officers and failing to enforce the separation he knew to exist. He also seeks to impose liability on the unidentified Administrative Remedy Coordinator that rejected his grievance, and all supervisors who were aware of this incident and did nothing about it. (Id. at 8.)

The third incident alleged in the complaint occurred on October 22, 2015 when Taylor states he was placed in a cell with inmate Lemry Andrews, a gang member. He claims this was done by Defendants Earp, Barbella, Fisher and other officers that were working on the X Block on that date, and that they all had knowledge of the existence of his separation from black gang members. (Id. at 5). Taylor complained to Defendant Wert afterward, and claims that a "cop out" given to Defendant Barbella to give to Defendant Riece was deliberately sabotaged by Barbella. He would like to hold Barbella, Fisher and Earp responsible for placing him in the cell, and would like to also hold Wert and Heath responsible because they were later made aware of the situation. He seeks to impose liability on Defendant Riece because Riece is responsible for the cell moves and allowed Barbella to move him in with inmate Andrews, and on Defendant Ebbert for exposing him to substantial harm when he had knowledge of the existence of the separation from past

administrative remedies. Taylor also seeks to impose liability on Disciplinary Hearing Officer Chambers for his knowledge of the separation from past incidents, and wants all officers, supervisors and staff members aware of this incident working on X Block on October 22, 2015 from 6 a.m. to October 23, 2015 at 10 p.m. held responsible.

It is clear that the incidents alleged by Taylor, while involving at least one common issue of law, the alleged failure to protect, are all separate incidents and do not involve the same set of defendants. Based on the foregoing, it is clear that the instant complaint has numerous procedural deficiencies. However, in the interests of justice to this pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Taylor will be granted an opportunity to file an amended complaint in this action. As the complaint stands right now, it appears that he seeks to litigate three separate incidents in the same action. He should be aware of the statute of limitations bar when choosing which claim to litigate herein. In preparing an amended complaint, Taylor is advised that he must comply with Federal Rule of Civil Procedure 8, and:

1. The plaintiff shall have until April 14, 2017 to file an amended complaint.
2. The plaintiff's amended complaint shall be complete, in and of itself, without reference to any prior filings.
3. The plaintiff's amended complaint shall include any and all defendants whom the plaintiff wishes to name in this action.
4. The plaintiff's amended complaint must include appropriate allegations of the defendant(s) personal involvement.
5. The plaintiff's amended complaint must specifically state

> which constitutional right he alleges the defendant(s) have violated.
>
> 6. In accordance with Fed.R.Civ.P. 8(a), the plaintiff's amended complaint shall set forth a short and plain statement of the grounds upon which the court's jurisdiction depends.
>
> 7. In accordance with Fed.R.Civ.P. 10(b), the plaintiff's amended complaint shall be divided into <u>separate</u>, <u>numbered paragraphs</u>, the contents of each of which shall be limited, as far as practicable, to a statement of a single set of circumstances.
>
> 8. In accordance with Fed.R.Civ.P. 8(d), each averment of the plaintiff's amended complaint shall be <u>simple</u>, <u>concise</u> and <u>direct</u>.
>
> 9. The plaintiff's amended complaint shall contain a short and plain statement of the claim for relief and a demand for specific judgment.
>
> 10. Should the plaintiff fail to file his amended complaint within the required time period, or fail to follow the above mentioned procedures, a recommendation will be made to dismiss this action.

Further, Taylor is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels Taylor's compliance with Rule 20. Specifically, under the PLRA the

6

full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

An appropriate order shall issue.


                                                    s/ *Malachy E. Mannion*
                                                    **MALACHY E. MANNION**
                                                    **United States District Judge**

**Date:  March 20, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2030-01.wpd